IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES SPIGNER, JR.
a/k/a CHARLES J. SPIGNER,
  Petitioner,

vs.             Case No. 3:06cv227/LAC/EMT

JOSE BARRON, JR.,
  Respondent.
_____/

## REPORT AND RECOMMENDATION

  Petitioner has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 9). The filing fee has been paid. This court has not ordered service of the petition upon Respondent because, as discussed herein, summary dismissal of the petition is appropriate.

  Petitioner claims that he was invalidly convicted in the United States District Court for the Northern District of Florida, Case Number 3:95cv3093, after he pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Doc. 9 at 2). Petitioner challenges the validity of his conviction on the following grounds: (1) the trial court erred by permitting the prosecution to proceed in violation of the Double Jeopardy Clause, and (2) he received ineffective assistance of counsel because his counsel failed to seek dismissal of the charge on double jeopardy grounds (*id.* at 3, attached supporting memorandum at 2-4).

  To challenge on constitutional grounds the <u>imposition</u> or <u>validity</u> of his conviction or sentence, Petitioner must file his petition pursuant to 28 U.S.C. § 2255. *See* <u>United States v. Hayman</u>, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952). By contrast, a habeas corpus petition under 28 U.S.C. § 2241 generally attacks only the <u>execution</u> or carrying out of an initially valid confinement. *See* <u>Broussard v. Lippman</u>, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981), *cert.*

*denied*, 452 U.S. 920, 101 S.C. 3059, 69 L. Ed.2d 425 (1981).[1] Although jurisdiction under section 2241 may be found through what has been referred to as "the savings clause" of the amended section 2255,[2] this remedy is available only if Petitioner establishes that the section 2255 remedy is inadequate or ineffective. *See* Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979). In Wofford, the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.

In the instant petition, Petitioner states he previously sought relief from his conviction pursuant to section 2255, but the motion was denied (*see* Doc. 9 at 2). Indeed, the court docket reflects that Petitioner filed a section 2255 motion on May 8, 1999, which was denied by the district court on November 30, 1999 (*see* Case Number 3:95cr3093/LAC/MD, Docs. 52, 66, 71). In his section 2255 motion, Petitioner challenged his conviction and sentence on the following grounds: (1) his plea was unintelligent and involuntary; (2) he received an illegal sentence enhancement in violation of section 851; (3) his trial court failed to challenge on appeal the quantity of drugs for which Petitioner was held accountable, and (4) his trial counsel failed to determine the identity of the controlled substance (*id*., Doc. 52). Petitioner filed a second section 2255 motion on March 16, 2000, which was dismissed by the court as untimely and successive on May 8, 2000 (*id*., Docs. 72,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

[2] The "savings clause" provides:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

(emphasis added).

Case No.: 3:06cv227/LAC/EMT

74, 80). In that motion, he sought reduction of his sentence on the ground that he had made "extraordinary post-rehabilitation efforts" (*id*., Doc. 72).

Petitioner apparently recognizes that claims like the ones presented in the instant petition must normally be presented in a motion attacking the conviction pursuant to section 2255; however, Petitioner states that section 2255 is "inadequate or ineffective" because he is procedurally barred from presenting another section 2255 motion (Doc. 9 at 3). This does not satisfy the <u>Wofford</u> standard, and Petitioner cannot otherwise establish that his claims could not have been maintained in his first section 2255 motion. Furthermore, Petitioner has failed to satisfy the first condition enumerated in <u>Wofford</u>, as he has failed to show that either of his claims is based upon a retroactively applicable Supreme Court decision. Therefore, Petitioner is simply not entitled to proceed in habeas corpus pursuant to the savings clause of section 2255.

In habeas corpus actions, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243.[3] Since Petitioner is plainly not entitled to pursue the relief he seeks under section 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 9) be **DISMISSED WITH PREJUDICE** pursuant to Rule 4, Rules Governing Section 2254 Cases, and 28 U.S.C. § 2243.

At Pensacola, Florida this <u>18th</u> day of July 2006.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

---

[3] Although this habeas action was not brought pursuant to section 2254 but section 2241, Rule 1(b) of the Section 2254 Rules allows the court to apply these rules in section 2241 cases. See <u>Kramer v. Jenkins</u>, 108 F.R.D. 429, 432 (N.D. Ill. 1985).

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**